UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIM MOHAN,

        Plaintiff,

v.                              **DECISION AND ORDER**
                                      04-CV-987S

TARGET,

        Defendant.

## I. INTRODUCTION

On December 15, 2004, Plaintiff Kim Mohan filed her complaint in this action, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and of the New York Human Rights Law ("NYHRL").

On January 8, 2007, Defendant filed a Motion for Summary Judgment.[1] For the reasons discussed below, Defendant's motion will be granted with regard to Plaintiff's federal claims and Plaintiff's state law claims will be dismissed without prejudice.

## II. BACKGROUND

**A.    Facts**

Because of the applicable federal statute of limitations, many of Plaintiff's factual allegations and several of her federal claims are time-barred. The following recitation therefore serves as general background. Further facts, when necessary, are discussed in the context of the asserted claims.

---

[1] The submissions filed in support of Defendant's Motion for Summary Judgment are filed at docket numbers 21, 22, 23, 24, and 34. Plaintiff's submissions in opposition to Defendant's motion are filed at docket numbers 29, 30, 31, and 32.

Defendant is a publicly-traded corporation that operates retail stores in New York (and other states), including store T1011 (the "Eastern Hills store"), store T1012 (the "Niagara Falls store"), and store T1013 (the "Delaware store"). (Defendant's Statement of Facts, Docket No. 23, ¶ 2.)[2]

Plaintiff began working for Defendant at its Eastern Hills store on September 3, 1996. (Defendant's Statement, ¶ 4.) On March 27, 1997, Plaintiff was promoted to the position of Sales Floor Team Leader and received a salary increase. (Defendant's Statement, ¶ 6.) Executive Team Leader Kathy Denny was Plaintiff's supervisor from 1998 until Denny's employment ended in 2002, at which point Daphne Thompson became Plaintiff's supervisor. (Defendant's Statement, ¶¶ 23–25.)

On or about January 12, 2003, Plaintiff met with Ariel Acuna, the Human Resources Representative responsible for the Eastern Hills store, and another executive, Jerry Green. (Defendant's Statement, ¶¶ 26, 27.) Plaintiff complained to Acuna and Green that store manager[3] Jim Smith was harassing her, and she asked to be transferred to another store. (Defendant's Statement, ¶¶ 27, 35.) Plaintiff sent Acuna copies of selected pages from her daily planner, which purportedly documented incidents of harassment to which Plaintiff "took offense." (Defendant's Statement, ¶¶ 28, 29.) Although Plaintiff noted that Smith made several comments about her job performance, nowhere in Plaintiff's planner is there any reference to Smith making sexual or sexually offensive comments to her, nor does the

---

[2] Referring to Defendant's Rule 56 Statement of Undisputed Material Facts, which contains citations to the record evidence.

[3] Although neither party's Statement of Facts identifies Jim Smith's position with Defendant, both of their memoranda refer to him as "store manager" or "Store Team Leader" of the Eastern Hills store. See Defendant's Memorandum of Law In Support of its Motion for Summary Judgment, Docket No. 22, pg. 2; Plaintiff's Memorandum of Law In Opposition to Defendant's Motion for Summary Judgment, Docket No. 32, pg. 2.

2

planner refer to Smith touching Plaintiff in any way at any time. (Defendant's Statement, ¶¶ 30-32.) Plaintiff admits that Smith never invited her on a date, never propositioned her sexually, and never said or did anything that indicated he had sexual intentions or feelings toward her.[4] (Defendant's Statement, ¶¶ 33, 34.)

Based on Plaintiff's complaint, Acuna conducted an investigation using personnel from outside of the district and outside of the Eastern Hills store. (Defendant's Statement, ¶¶ 36, 37.) Smith did not participate in the investigation. (Defendant's Statement, ¶ 37.) Defendant placed Plaintiff on a two-week, paid leave-of-absence from February 20 to March 12, 2003, while Acuna conducted the investigation. (Defendant's Statement, ¶ 38.)

At the end of her two-week leave period, Plaintiff transferred to the Delaware store as she requested, with no loss of pay or benefits. (Defendant's Statement, ¶¶ 35, 39, 40.) Smith never worked at the Delaware store, nor was he involved in the transfer decision. (Defendant's Statement, ¶¶ 42-43.) None of the Executive Team Leaders at the Delaware store indicated that they were aware of Plaintiff's previous complaint about Smith, nor did they ever say they had spoken to Smith about Plaintiff's employment at the Eastern Hills store. (Defendant's Statement, ¶¶ 49, 50.) Moreover, employees at the Delaware store never said anything sexually offensive. (Defendant's Statement, ¶¶ 45-48.) Plaintiff contends, however, that several employees at the Delaware store would purposefully mention Smith's name to her or reference the Eastern Hills store. (Plaintiff's Statement,

---

[4] Plaintiff has submitted her own affidavit in opposition to Defendant's Motion for Summary Judgment, which she relies on several times in her Rule 56 Statement to controvert Defendant's factual assertions. But in parts, her affidavit directly contradicts her deposition testimony, and where it does, this Court gives it no weight. See Brown v. Henderson, 257 F.3d 246, 257 (2d Cir. 2001); Hayes v. New York City Dept. of Corrs., 84 F.3d 614, 619 (2d Cir. 1996) ( "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.").

3

¶¶ 45–46, 50.)

On or about November 24, 2003, Plaintiff wrote a formal letter of resignation stating that she enjoyed the seven months she worked at the Delaware store and enjoyed working for the Delaware store manager, Ben Gregory. (Defendant's Statement, ¶ 73.) Plaintiff also completed a voluntary resignation form, indicating that she was leaving for a "career move and more money." (Defendant's Statement, ¶ 74.) Plaintiff worked the full two-week notice period before leaving Defendant's employ on December 8, 2003. (Defendant's Statement, ¶¶ 75, 76.) Two days later, Plaintiff began working at Sears, and subsequently resigned from Sears to work for Big Lots Stores as an Assistant Store Manager. (Defendant's Statement, ¶¶ 85–86.)

Plaintiff filed a Charge of Discrimination *pro se* with the United States Equal Employment Opportunity Commission ("EEOC") on June 9, 2004. (Defendant's Statement, ¶ 77.) Plaintiff checked the boxes for 'Retaliation' and 'Sex,' and included the following statement:

> I began working for [Defendant] on or about September 3, 1996. My most recent position was as a team leader.
>
> Beginning in or around June 2002 and continuing until on or about December 8, 2003, I was subjected to a sexually offensive, intimidating, and hostile work environment at the hands of the store manager. The offensive and unwelcome behavior took the form of touching, comments, and leering. When I complained to management regarding the harassment they failed to take prompt, effective, or remedial action. In fact, I was subjected to retaliatory action in the form of harassment and intimidation. My work was criticized in meetings, pictures were taken of my department, I was followed around the store by security, and co-workers would walk through my department and critique my work.
>
> On or about March 13, 2003, [Defendant] transferred me to another store, however the harassment and intimidation continued. As an example I would remove expired product off the floor and it would be placed back on the

4

> floor. I felt that this was a way of setting me up. Upon information and belief my prior store manager had influence at my new location.
>
> On or about December 8, 2003, I resigned because of the harassment and intimidation and because I could not get promoted.
>
> I believe that I was treated in the aforementioned manner because of my gender and for having complained about sexual harassment . . .

(Complaint, Docket No. 1.)

The EEOC issued Plaintiff a Right to Sue letter on September 15, 2004.

Plaintiff filed her Complaint with this Court on December 15, 2004, and the case was assigned to the Honorable John T. Elfvin, Senior United States District Judge. Defendant filed the present motion on January 8, 2007, and after briefing, the motion was argued before Judge Elfvin on May 11, 2007. This case was subsequently reassigned to this Court on October 17, 2007, after Judge Elfvin retired from the bench.

## III. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under governing law." Id., 477 U.S. at 248.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

In the context of employment discrimination cases, the United States Court of Appeals for the Second Circuit has explicitly cautioned district courts to use extra care when deciding whether to grant summary judgment because "the ultimate issue to be resolved in such cases is the employer's intent, an issue not particularly suited to summary adjudication." Eastmer v. Williamsville Cent. Sch. Dist., 977 F. Supp. 207, 212 (W.D.N.Y. 1997) (quoting Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994)). Nonetheless, "[t]he summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). Indeed, the Second Circuit has noted that "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to commercial or other areas of litigation." Id.

**B.     Plaintiff's Title VII Claims**

    **1.     Exhaustion of Administrative Remedies**

Defendant contends that Plaintiff's failure to promote and retaliation claims are barred because she failed to include them in her EEOC charge. Plaintiff argues that her charge, along with the "Timeline" submitted therewith, sufficiently put Defendant on notice of both claims.

A district court may exercise jurisdiction over Title VII claims only when the plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the EEOC. Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), *abrogated by statute on other grounds,* Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir. 1998). A charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12. This requirement serves to encourage resolution by allowing the EEOC to notify the charged party of an alleged violation and conduct a substantive investigation. Clark v. New York State Elec. & Gas Corp., 67 F.Supp.2d 63, 76 (N.D.N.Y. 1999).

Once administrative remedies have been exhausted, a plaintiff may then include in a civil action any claim that is "reasonably related" to the claim filed with the EEOC. McKnight v. Dormitory Auth. of the State of New York, 995 F. Supp. 70, 76 (N.D.N.Y. 1998) (citing Butts, 990 F.2d at 1401). One way to show the requisite relatedness is to show that "the alleged wrongful conduct would fall within the scope of any EEOC investigation that would arise from the plaintiff's EEOC complaint[.]" Carter v. New York, 310 F.Supp.2d 468, 473 (N.D.N.Y. 2004). Courts in this Circuit have construed this aspect of the reasonably-

related doctrine as a "loose pleading" requirement. See McNight, 995 F.Supp. at 77 ("The first type of reasonably related claim is essentially an allowance of loose pleading." (quoting Butts, 990 F.2d at 1402)); Obradovich v. Fed. Reserve Bank of New York, 569 F.Supp. 785, 789 (S.D.N.Y. 1983) ("Title VII claimants, who in most instances prepare the complaint filed with the EEOC without benefit of counsel, should not be held to the precision of a code pleader." (citations omitted)).

Conduct in violation of Title VII not alleged in an EEOC charge can reasonably fall within the scope of an EEOC investigation if it involves the same actor or occurs at the same time. See Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 177–78 (2d Cir. 2005) ("An investigation into . . . retaliation explicitly cited in the charge could reasonably be expected to yield evidence of other possible acts of retaliation that occurred around the same time."(internal quotation marks omitted)); Rose v. New York City Bd. Of Educ., 257 F.3d 156 (2d Cir. 2001) ("[A]n investigation following such a complaint could reasonably be expected to inquire into other instances of alleged discrimination by the same actor."); Gaston v. New York City Dept. of Health, 432 F.Supp.2d 321, 329 (S.D.N.Y. 2006) (discrimination alleged in complaint was "reasonably related" to the retaliation claim in EEOC charge because both claims arose from the same conduct).

Defendant argues that the Butts reasonably-related doctrine applies only to conduct occurring subsequent to the filing of an EEOC charge. But the Second Circuit has held that the exception is not so limited. Francis v. City of New York, 235 F.3d 763, 766 (2d Cir. 2000) (holding that the exception is not limited to plaintiffs alleging post-charge conduct, while noting that the question is unsettled); see also Jute, 420 F.3d at 178 (analyzing pre-charge conduct under the reasonable relatedness doctrine); Rose, 257 F.3d at 163

8

(considering pre-charge allegations under the reasonable relatedness doctrine). Indeed, the Butts court itself discussed pre-charge allegations under its own test, further undermining the notion that the exception is limited to post-charge allegations. Butts, 990 F.2d at 1403; see also McKnight, 995 F.Supp. at 78 n. 3 (noting the discrepancy in the Butts opinion).

Applying the reasonably-related standard to the facts of this case, this Court concludes that Plaintiff's EEOC charge adequately raised her claim that Defendant retaliated against her because she complained about harassment directed at others. Plaintiff's charge has check marks in the boxes for 'Sex' and 'Retaliation' which, without more, may not have been sufficient. But her statement includes allegations of sexually-offensive conduct and indicates that she complained to management. Further, Plaintiff alleges that she was subsequently retaliated against. An EEOC investigation into this alleged retaliation would reasonably uncover Plaintiff's complaints about harassment of others, especially given the "Timeline" Plaintiff submitted with her EEOC charge, which indicated that Plaintiff had faxed Acuna a list of women being harassed by Smith. Accordingly, this Court finds that the allegations in Plaintiff's EEOC charge sufficiently encompass her claim that she was retaliated against for complaining about her own harassment, as well as for her complaints about harassment directed at others.

Moreover, this Court finds that Plaintiff's failure to promote claim was sufficiently raised in her EEOC charge. Although Plaintiff's charge did not specifically state that Defendant's failure to promote her was discriminatory, her lack of promotion is included with her allegations of harassment and intimidation. Thus, the failure to promote is reasonably related to the alleged harassment and intimidation. Further, the "Timeline"

9

reflects that on December 8, 2003, Plaintiff informed Gregory that she was resigning because she could not get promoted. This was sufficient notice of Plaintiff's charge of failure to promote. Accordingly, this Court finds that Plaintiff exhausted her administrative remedies as required.

### 2. Statute of Limitations

To maintain an action under Title VII, a plaintiff ordinarily must file a timely charge with the EEOC, receive from that agency a right to sue letter, and file an action within 90 days of receipt of that letter. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). Because New York is a state with a fair employment agency, a charge of discrimination must be filed with the EEOC or the New York State Department of Human Rights within 300 days of the alleged violation. Harris v. City of New York, 186 F.3d 243, 247 n. 2 (2d Cir. 1999). The 300-day statute of limitations is strictly construed in this circuit. See, e.g., Trenchfield v. DuPont Photomasks, Inc., No. 96 CIV. 1135 (AGS), 1997 WL 53238, at *5-*6 (S.D.N.Y. 1997) (Title VII claims filed with the EEOC 338 days after alleged discriminatory employment practice dismissed as untimely); Van Zant v. KLM Royal Dutch Airlines, 870 F.Supp. 572, 575 (S.D.N.Y. 1994) (sexual harassment and retaliation claims dismissed as time-barred where last alleged discriminatory act was 315 days before EEOC filing).

Plaintiff filed her EEOC charge on June 9, 2004. The parties agree that Plaintiff's only timely federal claims are those arising from conduct occurring on August 14, 2003, or after (300 days before June 9, 2004). As noted above, many of Plaintiff's allegations and claims are time-barred.

### 3. Plaintiff's Failure to Promote Claim

Plaintiff's failure to promote claim is time-barred. Even assuming that Plaintiff could otherwise mount a claim, which Defendant argues she cannot because she never applied for a promotion, the latest possible instance of failure to promote alleged by Plaintiff occurred in March 2003, and is therefore time-barred. (Defendant's Statement, ¶¶ 67-71; Plaintiff's Statement, ¶¶ 67-71.)

### 4. Plaintiff's Sexual Harassment Claim

Plaintiff's hostile work environment claim based on sexual harassment is also time-barred. To prevail on this claim, the plaintiff must show that the hostile work environment was "sexually objectionable," both objectively and subjectively. Faragher v. City of Boca Raton, 524 U.S. 775, 787, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998). To survive a motion for summary judgment, a plaintiff claiming that she was the victim of a hostile work environment must produce evidence from which a reasonable trier of fact could conclude "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [her] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." Mack v. Otis Elevator Co., 326 F.3d 116, 122 (2d Cir. 2003) (quoting Richardson, 180 F.3d at 436). "The sufficiency of a hostile work environment claim is subject to both subjective and objective measurement: the plaintiff must demonstrate that she personally considered the environment hostile, and that the environment rose to some objective level of hostility." Leibovitz v. New York City Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001).

Any hostile work environment claim based on Plaintiff's interaction with Smith at the Eastern Hills store is time-barred because Plaintiff left that store prior to August 14, 2003. Moreover, Plaintiff concedes that none of her supervisors or co-workers at the Delaware store made sexually-objectionable statements to her. Her claim is based solely on her *perception* that individuals at the Delaware store made stray references about Smith or the Eastern Hills store. (Plaintiff's Deposition Tr., Docket No. 23-2, p. 311.) But again, Plaintiff concedes that her co-workers never told her that they knew anything about her experience at the Eastern Hills store. (Id.) Even assuming that several of these stray comments were made, they were not objectively severe or pervasive, and Plaintiff concedes that they were not sex-based. (Defendant's Statement, ¶¶ 46-47; Plaintiff's Statement, ¶¶ 46-47.) Thus, no reasonable jury could find the existence of a hostile work environment at the Delaware store, and Defendant is therefore entitled to summary judgment on this claim. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-271, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (per curiam) (isolated and occasional instances of harassment do not ordinarily rise to the level of a hostile work environment claim).

### 5. Plaintiff's Retaliation Claim

Finally, Plaintiff claims that she was retaliated against for her complaints about Smith's conduct. To state a *prima facie* claim of retaliation under Title VII, Plaintiff must show (1) that she engaged in activity protected under Title VII, (2) that the employer was aware of this activity, (3) that the employer took adverse action against her, and (4) that

the adverse action had a retaliatory motive. Fitzgerald v. Henderson, 251 F.3d 345, 358 (2d Cir. 2001).

Assuming that Plaintiff could fulfill the first two requirements of a retaliation claim, she fails to establish that Defendant took adverse action against her. The only possible timely adverse action is Plaintiff's claim that she was constructively discharged on December 8, 2003.

"A constructive discharge occurs when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987) (quotation and citation omitted); see also Petrosino v. Bell Atlantic, 385 F.2d 210, 229 (2d Cir. 2004). The employer's conduct in causing the employee's resignation must constitute "deliberate action." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 74 (2d Cir. 2000).

There is simply no evidence in this record that Defendant deliberately made Plaintiff's working conditions so intolerable that she was forced to resign. The circumstances of Plaintiff's voluntary resignation belie this claim. First, Plaintiff stated in her resignation letter that she enjoyed working at the Delaware store and enjoyed working for Gregory. (Defendant's Statement, ¶ 73.) Second, Plaintiff stated in her voluntary resignation form that she was leaving for a "career move and more money." (Defendant's Statement, ¶ 74.) Finally, Plaintiff worked the final two-week notice period, which preserved her ability to be rehired by Defendant in the future. (Defendant's Statement, ¶ 76.) Moreover, as discussed in the context of Plaintiff's hostile work environment claim, there is no evidence from which a jury could find the existence of severe and pervasive

conditions, such that Plaintiff's work experience was so intolerable that a reasonable person would be compelled to resign. See Pa. State Police v. Suders, 542 U.S. 129, 147, 124 S.Ct. 2342, 2354, 159 L.Ed.2d 204 (2004).

Consequently, this Court finds that Plaintiff is unable to prove that she was constructively discharged, and therefore, unable to demonstrate an adverse action in support of her retaliation claim. Summary judgment in Defendant's favor is therefore warranted.

**C.     Plaintiff's State Law Claims**

Having disposed of Plaintiff's federal claims, this Court finds it most appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state claims, which carry a longer statute of limitations. See 28 U.S.C. § 1367(c)(3). Plaintiff's remaining claims are state law causes of action under NYHRL, which allows a complaint to be filed with a competent court within three years of the violation. See N.Y. Exec. Law §§ 297(5), (9) (McKinney 2009); N.Y. C.P.L.R. § 214(2) (McKinney 2009).

The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218

(1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."); Powell v. Gardner, 891 F.2d 1039, 1047 (2d Cir. 1989) ("in light of proper dismissal of the § 1983 claim against the County, the district court should have declined to exercise pendent jurisdiction over Powell's state-law claims against the County").

Plaintiff's state law claims will be timely so long as they are filed within 30 days from the date of this decision. See 28 U.S.C. § 1367(d);[5] see also Jeffers v. Doe, No. 9:99 CV 335, 2005 WL 2240686, at *7 (N.D.N.Y. Sep. 13, 2005) (noting that § 1367(d) protects a plaintiff's ability to bring state claims in state court if the federal court dismisses those claims after the expiration of the applicable statute of limitations period). Twenty-eight U.S.C. § 1367(d) contains this tolling provision "[t]o prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal

---

[5] 28 U.S.C. § 1367(d) provides as follows:

> The period of limitation for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

court" and to "promote[ ] fair and efficient operation of the federal courts."  <u>Jinks v. Richland County, S.C.</u>, 538 U.S. 456, 459, 463, 123 S.Ct. 1667, 1669, 1671, 155 L.Ed.2d 631 (2003) (upholding the constitutionality of § 1367(d)).

Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will instead dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  <u>See</u> <u>Mayer v. Oil Field Sys. Corp.</u>, 620 F.Supp. 76, 77-78 (S.D.N.Y. 1985) ("The exercise of [supplemental] jurisdiction . . . where the federal claims have been dismissed on summary judgment before trial would be inappropriate absent exceptional circumstances.  Since [N.Y. C.P.L.R. § 205(a)] allow[s] a plaintiff to recommence a dismissed suit within six months without regard to the statute of limitations, [the plaintiff] will not be unduly prejudiced by the dismissal of her state law claims.")

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted as to all federal claims.  Further, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action.

## V.  ORDERS

IT HEREBY IS ORDERED, that the Defendant's Motion for Summary Judgment (Docket No. 21) is GRANTED, as to the federal claims.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiff"'s state law claims, which are hereby DISMISSED pursuant to 28 U.S.C. § 1367(c)(3) without prejudice.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: September 8, 2009
       Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge